# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**KRISTI POE**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　**No. 3:17-CV-00241-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Kristi Poe filed for social security disability benefits with an alleged onset date of October 31, 2003. (R. at 118). The administrative law judge (ALJ) denied her application after a hearing. (R. at 1). The Appeals Council declined Poe's request for review. (R. at 1). Poe requested judicial review, and the case was reversed and remanded upon an unopposed motion by the Commissioner. (R. at 431). After a second hearing, the ALJ once again denied Poe's application. (R. at 377). The Appeals Council again declined to review. (R. at 357). Poe once again requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

I.　　**The Commissioner's Decision**

The ALJ found that Poe had the severe impairments of disorders of the spine including degenerative disk disease, spondylosis, and occult spina bifida and mild degenerative changes of the left knee. (R. at 371). The ALJ found that, as of the date last insured, she had the residual functional capacity (RFC) to perform light work, except that she required work that allowed her to change positions from sitting to standing every

1

thirty minutes; could frequently reach, handle, and finger; and could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (R. at 373). The ALJ took testimony from a vocational expert and determined that this RFC would not allow Poe to return to her past relevant work. (R. at 375). The VE testified, however, that the RFC would allow Poe to perform jobs such as personal care attendant or companion. (R. at 376). The ALJ therefore held that Poe was not disabled. (R. at 377).

## II. Discussion

Poe argues that the ALJ improperly rejected standing and walking limitations in the opinion of her treating physician and found an RFC that is internally inconsistent. The Court agrees.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The ALJ gave reduced weight to the opinion of John Hines, D.O. insofar as it related to limitations placed on standing/walking, but great weight to the rest of the opinion. (R. at 375). Whatever weight an ALJ gives to the opinion of a treating physician, the ALJ must provide good reason for the weight given. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). The ALJ stated that Poe never reported difficulty with standing or walking during the relevant period and thus found no basis for the limitations that Dr. Hines found. (R. at 375).

The ALJ's reasoning is flawed. The Court notes that the ALJ mischaracterized aspects of the treatment record in order to support her finding that Poe was not disabled. Specifically, the ALJ noted that Dr. Hines had stated in 2008 that "surgery was not a good option" and that "surgery was not warranted" in 2009. (R. at 374). The ALJ's paraphrasing changes the tenor of Dr. Hines's statements. Reading the ALJ's versions, it appears that Dr. Hines believed that Poe's condition was not severe enough to warrant surgery. However, Dr. Hines actually opined that he did not "think much can be done from a neurosurgical standpoint" and that he "doubt[s] there is much to do from [a] neurosurgical standpoint." (R. at 221, 222). Dr. Hines's notes do not indicate that he believed Poe's condition was not severe enough to warrant surgery but rather that he believed surgery would not relieve her symptoms. This was not an indictment of the severity of Poe's impairments as the ALJ implied. It is error for an ALJ to reject a treating source's conclusions based such a mischaracterization. *DiMasse v. Barnhart*, 88 F. App'x 956, 957 (8th Cir. 2004).

Additionally, the ALJ's statement that Poe had no complaints during the relevant period concerning standing and walking is unfounded. Poe complained in February 2007 that her pain was aggravated by movement. (R. at 229). She reported that she would sometimes have to manually lift her leg to get into a vehicle during flare-ups. (R. at 338). She also reported pain radiating down her legs in December 2008. (R. at 219).

Poe notes that Dr. Hines's opinion extends back to February 2007 and indicates that the limitations in it apply to the period prior to December 2008. (R. at 348). The Commissioner counters that Dr. Hines's opinion extends to the present (June 2013 at the time the opinion was rendered). (R. at 348). The Commissioner appears to argue that Dr. Hines's opinion is not entitled to consideration because the period it covers includes a

period after the date last insured. The Commissioner's argument is unavailing. The question is whether the opinion applies to the relevant period, not whether it is limited to the relevant period. The opinion clearly indicates that Poe has suffered the limitations therein since February 2007, and it makes no difference that Dr. Hines believes she still has the same limitations.

Compounding with these considerations, the ALJ found that Poe had a severe impairment of mild degenerative changes of the left knee. (R. at 371). The Commissioner argues that this impairment is mild and therefore would not cause additional problems with standing or walking. However, this is inconsistent with the ALJ's finding that this was a severe impairment. Furthermore, even if it were a non-severe impairment, the ALJ would still have to account for it in the RFC. 20 C.F.R. 404.1545. Poe's knee impairment in combination with her back impairment would cause greater problems with standing and walking than either impairment alone.

Poe also contends that the ALJ's limitations on her ability to bend (i.e., stooping, crouching, and crawling) are inconsistent with the ALJ requiring her to shift from sitting to standing every thirty minutes. The Commissioner responds that Poe impermissibly relies on a report in December 2009 (after the date last insured) that her back pain was made worse by bending and getting out of chairs. (R. at 215). The Commissioner is mistaken. The ALJ already determined that Poe was limited in her ability to bend. Poe merely illustrates that such frequent shifting between sitting and standing requires bending that is otherwise disallowed in the RFC. The Court agrees. These limitations and requirements are internally inconsistent. Such an inconsistency compounds the errors in assessing Dr. Hines's opinion.

Were the limitations in Dr. Hines's opinion fully credited and adopted, they would preclude both light and sedentary work. As such, it is appropriate to remand this case so that Dr. Hines's opinion can again be considered.

### III. Conclusion

The ALJ improperly assessed the opinion evidence and assigned an RFC that is internally inconsistent. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary and to fully consider all the evidence of record and to properly consider all medical opinions.

It is so ordered this 30th day of March, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE